IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JAMES CECIL HOLLEY, Jr., | § | |
| | § | |
|    Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:23-cv-276-O |
| | § | |
| FREDDY GARRIDO, Warden, | § | |
| FMC-Fort Worth, | § | |
| | § | |
|    Respondent. | § | |

**OPINION AND ORDER DISMISSING
PETITION FOR WRIT OF HABEAS CORPUS**

Before the Court is a petition for a writ of habeas corpus under 28 U.S.C. § 2241 filed by petitioner James Cecil Holley, Jr. ("Holley"), a federal prisoner at FMC-Fort Worth. Pet. 1-9, ECF No. 1; Brief 1-8, ECF No. 2. The Respondent filed a response, and Holley then filed a reply. Resp., ECF No. 9; Reply, ECF No. 11. After having considered the pleadings, applicable law and relief sought by Holley, the Court concludes that the petition must be **DENIED** for the reasons set out below.

**I.    OVERVIEW/HOLLEY'S CLAIM**

Holey challenges the penalty imposed upon him as the result of a disciplinary proceeding. Pet. 1-5, ECF No1; Brief 1-8, ECF No. 2. Holley challenges the disciplinary proceeding finding that he violated Federal Bureau of Prisons (BOP) disciplinary code 109 most like 108 for possession of a hazardous tool (a cellular telephone). Pet. 5, ECF No. 1. Holley requests that the disciplinary action be expunged and vacated, and that he be provided restoration of the good conduct time credit the Disciplinary Hearing Officer (DHO) disallowed. Brief 8, ECF No. 2. Holley claims there was insufficient evidence to support the finding of guilty of the disciplinary

1

charge. Brief 2-7, ECF No. 2. Review show that Holley is not entitled to the relief he seeks.

## II. BACKGROUND/ FACTS

Holley is currently serving a 185-month term of imprisonment for drug and firearm offenses. App. (Declaration of BOP Paralegal Specialist Johnna Burrows) 3, (Judgment) 4-6, ECF No. 10. Holley's current projected good conduct time release date is August 5, 2027. *Id*. at 4. He is currently incarcerated at the FMC-Fort Worth in Fort Worth, Texas.

According to BOP Incident Report no. 3569845, on November 22, 2021, Mr. Davis of General Maintenance discovered a cellular device at FCI-El Reno and delivered it to Special Investigative Service for further investigation. App. 16-19, ECF No. 10. On that cellular device, the investigation concluded that one e-mail from Holley's Gmail account "jamesholley1201@gmail.com" on September 20, 2021, at approximately 4:15 PM, was sent to another Gmail account. *Id.* at 16. The contents of that email included documents with Holley's federal register number and first and last name, inmate history inquiry, Recidivism Risk Assessment PATTERN, five program reviews, education data, and a certificate of completion for the Residential Drug and Alcohol Program (RDAP). *Id.* Another e-mail was sent from Holley's email address related to home confinement. *Id.* The SIS Investigator concluded that Holley committed a Code 199 most like 108 for possession of a hazardous tool (cell phone). *Id.*

Holley was provided a copy of the incident report on November 22, 2021, at 0955 hrs. App. 4, at ¶ 5. His response "made no comment" to the UDC. App. 18, at ¶ 17. On November 23, 2021, at 0940 hrs, the charge was referred by the Unit Disciplinary Committee ("UDC") and to the Disciplinary Hearing Officer ("DHO") due to the severity of the allegations. *Id*. 18, at ¶ 19.

A disciplinary hearing was then held on December 10, 2021. App. 21, at ¶ I(B). At that

hearing, Holley waived his right to a staff representative. *Id.* at ¶ II(A). In his defense, the inmate said, "I didn't send the material out. I gave it to Chavez to send to my people, but I don't know how he was going to do it." *Id.* at ¶ III(B). Holley called inmate John Chavez, federal register no. 50552-177, as a witness, and Chavez testified that "He (Holley) gave me the paperwork and asked me to send it to his people." *Id*. 22 at ¶ III(C)(2). When the DHO asked inmate Chavez as to who asked him to set up the social media accounts for Holley, Chavez stated, "He (Holley) did." *Id.*

The DHO reviewed and considered the Incident Report, staff memoranda, photographs, and Holley's statement. *Id.* 22 at D. The DHO did not find inmate Chavez's statements to be credible, because inmate Chavez did not arrive at FCI El-Reno until his transfer on November 10, 2021, from USP-Atlanta, and the date and time stamps on the relevant emails are September 20, 2021. *Id.* 22-23, V. Thus, the DHO found that inmate Chavez could not have performed the act he claims to have done on the Petitioner's behalf. *Id.* 23, V.

Based on the greater weight of the evidence, the DHO found Holley to have committed a prohibited act, specifically Code 199 most like Code 108 – possession of a hazardous tool (cell phone). *Id*. Holley was sanctioned by the disallowance of 41 days of good conduct time, 45 days of disciplinary segregation, and the loss of commissary and phone privileges for 180 days. *Id.* 24, ¶ VI.

Following the hearing, Holley was advised of the findings and specific evidence relied upon, the action taken in terms of sanctions imposed, and the reason for the action taken. *Id*. 23-24, ¶¶ V-VII. The DHO report informed Holley of his right to appeal this action using the administrative remedy process. *Id*. 24, ¶ VIII. Holley was given a copy of the DHO's report detailing the DHO's findings and sanctions imposed on January 14, 2022. *Id.* On April 1, 2020,

Holley completed the administrative remedy process for the DHO hearing. App. (Declaration of Burrows) 4, at ¶ 7.

## III.  ANALYSIS

### A.  The disciplinary process satisfied *Wolff v. McDonnell* due process requirements.

In *Wolff v. McDonnell*, 418 U.S. 539 (1974), the Supreme Court identified the protections or procedures that a prison inmate may expect at a disciplinary hearing which results in a sanction that affects a liberty interest. An inmate charged with a violation must be given: (1) advance written notice of the charges at least 24 hours before the hearing; (2) the opportunity to appear at the hearing, to call witnesses, and to present rebuttal evidence when the exercise of such right would not be unduly hazardous to institution safety or correctional goals; (3) the opportunity to receive the assistance of a staff or inmate lay advocate where the charged inmate is illiterate or the complexity of the issues makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case; and (4) a written statement by the factfinder as to the evidence relied on for the decision, and the reasons for the action. *Wolff*, 418 U.S. at 553-568.

The Respondent recited in great detail the regulations governing BOP inmate disciplinary proceeding as set forth in 28 C.F.R. §§ 541.1- 541.8. Resp. 4-6, ECF No. 9. Review of the factual record including in the Background section above, shows that the BOP followed these detailed regulations in conducting the disciplinary process at issue in this case.

A review of this record indicates that each of the *Wolff* requirements was met in the instant disciplinary action. Holley received advance written notice of the charges more than 24 hours before the DHO hearing. He was given the opportunity to appear at the DHO hearing, to

present witnesses, and to present evidence. The record demonstrates that Holley appeared before the DHO, made a statement, and called one witness. App. 21-22, ¶¶ III(B), and (C)(2). Holley was also afforded the opportunity to request a staff representative but he declined staff representation. *Id*. 21, ¶ II.

As demonstrated by the DHO report, Holley was provided a written statement as to the evidence the factfinder relied on, the actions taken by the factfinder, and the reasons for the actions taken by the factfinder as required in *Wolff*. App. 21-24, ¶¶ I through VII. The DHO report included a detailed exposition of the evidence the DHO relied upon and the reasons the DHO found Petitioner committed the disciplinary infraction as charged. *Id*. at 24, ¶ VII.

### B. Holley's Challenge to the sufficiency of the evidence is without merit

With regard to sufficiency of evidence, upon review of a prison disciplinary action, a court must simply consider whether the decision of the prison authority was supported by "some facts" or "any evidence at all." *Smith v. Rabalais*, 659 F.2d 539, 545 (5th Cir. 1981). Due process does not require that the evidence in such a proceeding eliminate all other possible conclusions. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445 (1985). In *Hill* the Fifth Circuit stated:

> Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.

*Id.* at 455-56. That is, if there are "some facts" or "any evidence at all" that support the action taken by prison officials, their decision must be upheld on federal habeas review. *Smith*, 659 F.2d at 545. As the Fifth Circuit has succinctly explained:

> We have stated that the federal courts cannot retry every prison disciplinary dispute; rather the court may only act where arbitrary or capricious action is shown. This means that prison disciplinary hearings will be overturned only when there is no evidence whatsoever to support the decision of prison officials; a de novo review is not required.

*Reeves v. Pettcox*, 19 F.3d 1060, 1062 (5th Cir. 1994) (emphasis added) (citing *Smith* at 545).

In the instant case, there was plainly some evidence to support the DHO's findings. The DHO report for Incident Report No. 3569845 provided an explanation of the specific evidence relied upon for the determination of the DHO. The DHO considered the SIS officer's incident report which detailed that on November 18, 2021, a maintenance staff member discovered a cellular device in the salvage yard, who then turned the device to SIS for investigation. App. pp. 20-21, at ¶ V. The SIS investigation revealed that on September 20, 2021, "jamesholley1201@gmail.com emailed wordofmouth214@gmail.com documents all containing Holley's name and federal register number. *Id.* Holley did not deny the documents were his but alleges that he enlisted inmate John Chavez to forward the documents to his "people" and disavowed any knowledge of how inmate Chavez was to accomplish the task. *Id*. Chavez admitted to this scheme, however, the DHO discovered that Chavez did not arrive at FCI-El Reno until November 10, 2021, or 51 days after the e-mails were sent. *Id*. Thus, the DHO found inmate Chavez's statement as not credible. *Id.* The DHO, however, considered Holley's admission that he asked another inmate to forward his documents and the SIS investigator's incident report and photographs, to conclude that Holley violated Code 199 most like Code 108 for possession of a hazardous tool (cell phone). *Id.*

As noted, to successfully challenge the outcome of the DHO hearing, a petitioner must demonstrate that there was no evidence whatsoever to support the DHO's decision. *Reeves*, 19 F.3d at 1062. Holley has not met this burden. Both the hearing process and the DHOs' report provided the full measure of process guaranteed Holley under *Wolff* and *Hill*. The DHO's decision was supported by sufficient evidence. Consequently, Holley has not been denied due

process in connection with either the hearing or its outcome, and he is not entitled to the relief he seeks.

## IV. CONCLUSION and ORDER

The record reflects Holley was not denied due process during the disciplinary process and the DHO's findings are supported by some evidence. It is therefore **ORDERED** that James Cecil Holley, Jr's petition under 28 U.S.C. § 2241 is **DENIED**.

**SO ORDERED** on this **28th day** of **September, 2023.**

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE